# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAISAL Y.,

             Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;[1] and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

             Respondents.

Case No. 26-cv-2521 (LMP/ECW)

**ORDER DENYING HABEAS PETITION**

---

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Joshua B. Sweeney and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Faisal Y. filed a petition for a writ of habeas corpus asserting that Respondents (the "Government") have unlawfully detained him pending the execution of his final order of removal. *See generally* ECF No. 1. For the reasons below, Faisal Y.'s petition is denied.

## BACKGROUND

Faisal Y. is a native and citizen of Somalia. *Id.* ¶ 25. He entered the United States in September 1999 as a refugee and adjusted his status to a lawful permanent resident in

---

[1] David J. Venturella is substituted in place of Todd M. Lyons pursuant to Federal Rule of Civil Procedure 25(d).

April 2005. *See id.*; ECF No. 6-4 at 2. Since obtaining lawful permanent resident status, Faisal Y. has developed a lengthy criminal history, including almost 30 criminal convictions between August 2005 and May 2023 for driving while intoxicated, disorderly conduct, trespassing, criminal mischief, theft, domestic violence, and violating multiple protection orders and domestic abuse no-contact orders. *See* ECF No. 6-4 at 2–4.

Following two felony convictions for violating no-contact orders in May 2019, the Department of Homeland Security ("DHS") issued Faisal Y. a Notice to Appear and charged him with removability under the Immigration and Nationality Act ("INA"). *See* ECF No. 6-1 at 1–4; *see also State v. [Faisal Y.]*, No. 02-CR-18-8528, Index #25 (Minn. Dist. Ct. May 20, 2019); *State v. [Faisal Y.]*, No. 02-CR-19-2590, Index #10 (Minn. Dist. Ct. May 21, 2019). On April 1, 2021, an immigration judge ordered Faisal Y. removed to Somalia. ECF No. 6-2 at 35. Faisal Y. timely appealed, but the Board of Immigration Appeals dismissed his appeal on December 22, 2021, rendering the removal order administratively final. ECF No. 6 ¶ 14.

Faisal Y. was detained by Immigration and Customs Enforcement ("ICE") until March 22, 2022,[2] but he was released from ICE custody on an Order of Supervision ("OSUP") because DHS was unable to effectuate his removal to Somalia. *See id.* ¶ 17; *see also* ECF No. 6-3 at 3–7. The OSUP required, among other conditions, that Faisal Y. "not commit any crimes" while he was subject to the OSUP and warned that violation of any of

---

[2]   ICE temporarily transferred Faisal Y. to the custody of the Anoka County Sheriff's Office pursuant to a writ between February 11–15, 2022. ECF No. 6 ¶¶ 15–16.

the OSUP's conditions "may result in [him] being taken into [ICE] custody."  ECF No. 6-3 at 5.

On March 31, 2026, Faisal Y. was arrested by the Columbia Heights Police Department and charged with felony domestic assault.  ECF No. 6-4 at 4.  On April 17, 2026, Faisal Y. was arrested in Anoka County and charged with driving after cancellation of his driver's license.  *Id.*  The next day, ICE reviewed a biometric match to Faisal Y.'s booking record at the Anoka County Jail, queried DHS databases, and determined that Faisal Y. was deportable.  *Id.* at 2.  ICE then issued an immigration detainer and warrant of removal with the Anoka County Jail.  *Id.*; *see* ECF No. 6-5 at 5–8.

On April 20, 2026, ICE served the warrant on Faisal Y. and took him into ICE custody upon his release from the Anoka County Jail.  ECF No. 6 ¶ 19; *see* ECF No. 6-4 at 2.  ICE also served on Faisal Y. a notice of revocation of his OSUP, asserting that his arrest for and pending charge of felony domestic assault constitute an OSUP violation.  ECF No. 6-5 at 1–2; *see* ECF No. 6-3 at 5.  An ICE deportation officer conducted an informal interview with Faisal Y., but Faisal Y. declined to provide a written or oral statement or any documents.  ECF No. 6-5 at 3.  On May 5, 2026, ICE requested a travel document for Faisal Y. from the Embassy of Somalia, which the Embassy of Somalia has approved.  ECF No. 6 ¶¶ 22–23.  Faisal Y. remains detained at the Sherburne County Jail pending the execution of his order of removal.  *Id.* ¶ 25.

Faisal Y. filed a petition for a writ of habeas corpus on May 7, 2026, alleging that his detention violates the INA, the Fourth and Fifth Amendments to the United States

Constitution, and ICE's own regulations. *See* ECF No. 1 ¶¶ 56–77. He seeks a declaration that his detention is unlawful and his immediate release from ICE custody. *Id.* at 20.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

The parties appear to agree that 8 U.S.C. § 1231 and its implementing regulations govern Faisal Y.'s detention because he is subject to a final order of removal. *See* ECF No. 5 at 6–9; ECF No. 7 at 2–4; *see also* ECF No. 1 ¶¶ 56–59. The core dispute, then, is whether ICE followed those regulations in revoking Faisal Y.'s OSUP and detaining him. *See Saengnakhone S. v. Noem*, No. 25-cv-4775 (ECT/LIB), 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)) ("Agencies must follow their own regulations.").

In situations where a noncitizen has been ordered removed from the United States, but ICE determines that "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future," 8 C.F.R. § 241.13(g)(1), ICE may not detain the noncitizen indefinitely, *see Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001). Instead, the regulations require ICE to "promptly make arrangements for the release of the [noncitizen] subject to appropriate conditions," typically in the form of an OSUP. 8 C.F.R.

4

§ 241.13(g)(1). An OSUP may be revoked, and the noncitizen may be redetained, in two circumstances: (1) if the noncitizen violates the OSUP's conditions; or (2) if circumstances change such that ICE determines the noncitizen's removal is significantly likely in the reasonably foreseeable future. *Id.* § 241.13(i)(1)–(2). In either case—an OSUP violation or changed circumstances—ICE must notify the noncitizen of the "reasons for revocation of his or her release" and "conduct an initial informal interview promptly after [the noncitizen's] return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3). As part of that informal interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she [will] be removed in the reasonably foreseeable future, or that he or she has not violated" the OSUP. *Id.* Relevant here, if a noncitizen's OSUP is revoked due to a violation of the OSUP's conditions, the noncitizen "may be continued in detention for an additional six months in order to effect the [noncitizen's] removal, if possible, and to effect the conditions under which the [noncitizen] had been released." *Id.* § 241.13(i)(1).

Faisal Y. argues that the Government did not adhere to these procedures because: (1) the Government purportedly served the notice of revocation after ICE arrested Faisal Y.; and (2) the Government has not proven that Faisal Y. violated the OSUP because he has only been charged with, but not convicted of, felony domestic assault. *See* ECF No. 7 at 4–12. The Court disagrees.

First, Faisal Y. "received notice" of the revocation of his OSUP "the same date as his arrest," which is appropriate under 8 C.F.R. § 241.13(i)(3). *Somvang P. v. Sec'y, Dep't*

*of Homeland Sec.*, No. 26-cv-0037 (PJS/EMB), 2026 WL 788853, at *2 (D. Minn. Mar. 20, 2026); *see* ECF No. 6-5 at 1–2; ECF No. 6-4 at 2.  Faisal Y. highlights the fact that he was served the notice of revocation 23 minutes after he was taken into ICE custody.  ECF No. 7 at 5–6 (first citing ECF No. 6-4 at 2; and then citing ECF No. 6-5 at 2).  Given the circumstances under which Faisal Y. was taken into ICE custody—that is, upon his release from the Anoka County Jail, ECF No. 6 ¶ 19—and the short time between when he was detained and when the notice of revocation was served at the Bishop Henry Whipple Building, the Court concludes that ICE "complied with § 241.13(i)(3)'s requirement that notice be given 'upon revocation,'" *Somvang P.*, 2026 WL 788853, at *2.

Second, Faisal Y. argues that the reason provided to Faisal Y. for the revocation of his OSUP—that his pending charge of felony domestic assault constitutes a violation of the OSUP, ECF No. 6-5 at 1—is unsupported because "there is no evidence in the record that [Faisal Y.] committed a crime," ECF No. 7 at 8 (emphasis omitted).  In other words, Faisal Y. suggests that because he has only been charged with, but not convicted of, felony domestic assault, he has not "committed" a crime.  *See id.* at 8–10.  It is true that Faisal Y. has not been convicted of felony domestic assault.  *See* ECF No. 6-4 at 4 (noting that the "case remains without disposition").  And, to be clear, the Court does not consider or treat Faisal Y.'s March 31 charge as a conviction.  But Faisal Y. cites no authority for the proposition that the OSUP's condition that he "not commit any crimes" requires a conviction.  That specific condition is not mandated by the controlling statutes and regulations, *see* 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.5(a), nor is the term "commit" defined in the OSUP itself, *see generally* ECF No. 6-3.  It is reasonable to believe that if

6

DHS intended for a criminal conviction to be a prerequisite to finding a violation of the condition that Faisal Y. "not commit any crimes," it would have said so more directly—for example, by saying that Faisal Y. could not "be convicted of" a crime while subject to the OSUP.[3]

More to the point, the regulations require that a noncitizen subject to an OSUP "be notified of the reasons for revocation" and that ICE "conduct an informal interview promptly after his or her return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). ICE did that here. The notice specifically states that Faisal Y.'s release was revoked because he "violated a condition of [his] release" when he was "arrested on 3/31/2026 and charged with Domestic Assault—Felony by the Columbia Heights Police Department." ECF No. 6-5 at 1. Faisal Y. does not dispute the fact that he was arrested and charged with felony domestic assault. ICE promptly conducted an informal interview with Faisal Y. the same day the notice was served to "afford [him] an opportunity to respond to the reasons for revocation." *Id.* at 3. Faisal Y. provided no written or oral statement at that interview. *Id.* As a result, Faisal Y. "may be continued in detention for an additional six months in order to effect [his] removal." 8 C.F.R. § 241.13(i)(1). As of the date of this Order,

---

[3]      Indeed, in the context of criminal proceedings, a common supervised release condition in federal court is that a defendant "not commit another Federal, State, or local crime during the term of supervision," 18 U.S.C. § 3583(d), similar to how the word "commit" is used in the OSUP, ECF No. 6-3 at 5. And in the criminal context, a violation of that condition of supervised release can occur without a conviction. *See United States v. Perkins*, 526 F.3d 1107, 1109 (8th Cir. 2008) (holding that a district court may find that the commission of a crime "violates a mandatory condition of release" without regard to whether the defendant even has been charged with the crime).

Faisal Y. has been detained for less than two months, and the Government is working to "effect [his] removal"; indeed, the Embassy of Somalia has approved the Government's request for a travel document for Faisal Y.  ECF No. 6 ¶¶ 22–24.

For these reasons, the Court concludes that the Government has complied with the regulations governing Faisal Y.'s redetention.  Accordingly, Faisal Y.'s petition is denied.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Faisal Y.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and

2. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 2, 2026                    *s/Laura M. Provinzino*
                                       Laura M. Provinzino
                                       United States District Judge